**Jerry R. WILLIAMSON,
Plaintiff–Appellant,**

**v.**

**Stephen MARK, Doctor;  Russell Hunt,
Esq., Defendants–Appellees.**

No. 96–50818.

United States Court of Appeals,
Fifth Circuit

June 5, 1997.

Jerry R. Williamson, Coleman, FL, pro se.

Before WIENER and PARKER, Circuit
Judges, and LITTLE, District Judge.\*

*ORDER*

BY THE COURT:

Plaintiff–Appellant, Jerry R. Williamson, a
federal prisoner, filed a motion to proceed *in
forma pauperis* (IFP) in the above captioned

\* District Judge of the Western District of Louisi-
ana, sitting by designation.

appeal. This court, by order of January 21,
1997, instructed Williamson to comply with
the Prison Litigation Reform Act of 1995
(PLRA), either by paying our appellate filing
fee of $105 or by filing an affidavit and
certified statement of his trust fund account.
Williamson complied by submitting such an
affidavit and statement.

Before an initial partial filing fee was as-
sessed for Williamson and payment of the
balance of the filing fee ordered as required
by the PLRA, however, we decided *Morgan
v. Haro*.[1] In that case we held that (1) a
prisoner who seeks to proceed IFP on appeal
must obtain leave to do so even if he has
proceeded IFP in the district court, and (2)
the financial screening and assessment pro-
cedures of the PLRA regarding *appellate*
filing fees are nevertheless to be conducted
by the *district* court.

IT IS ORDERED, therefore, that this ap-
peal be held in abeyance and that only the
preliminary issue of Williamson's request to
proceed IFP in this court be remanded to the
district court to permit it to rule on William-
son's appellate IFP application and, if grant-
ed, to order payment of the proper appellate
filing fee pursuant to 28 U.S.C. § 1915(b);
this panel retaining jurisdiction of William-
son's appeal for all other purposes. After
such a determination is made by the district
court, it shall return the case to this court for
further proceedings by this panel.

In the event that (1) further proceedings
should eventuate, (2) this panel should ulti-
mately determine that we have jurisdiction
over Williamson's appeal, and (3) we should
find merit in the sole matter of substance in
that appeal, i.e., Williamson's contention that
the district court's calculation of the initial
*district* court filing fee payable under the
PLRA upon the filing of his original com-
plaint was erroneous, we shall continue to
retain appellate jurisdiction but order anoth-
er limited remand to the district court for the
purpose of (1) affording the district court the
opportunity to re-assess the correct *district
court* filing fees due from Williamson under
the PLRA, and (2) allowing Williamson to

1.   112 F.3d 788, 789 (5th Cir.1997).

continue prosecuting his complaint, assuming that he is still inclined to do so and that he timely remits the appropriate new district court filing fee assessment.

IT IS FURTHER ORDERED that if Williamson thus proceeds in district court but is ultimately dissatisfied with the final ruling or rulings of that court and desires to prosecute his appeal therefrom in this court, he will be permitted to do so upon his timely filing a new notice of appeal under the same appellate docket number as this one and without being required to remit a second appellate filing fee.

REMANDED with instructions, and with appellate jurisdiction retained by this panel.