263 F.3d 38 (2nd Cir. 2001)
 ELVIN LEBRON, PLAINTIFF-APPELLANT,
v.
CORRECTION OFFICER RUSSO, C.O. GEORGIA STAUTT, BADGE #11847, CAPT. SUGGS, SECURITY CAPT. HENRY MARTINEZ, BADGE #1139, A.D.W. WALTER JOHNSON, (ASSISTANT DEPUTY WARDEN), BADGE #45 & ET AL., DEFENDANTS-APPELLEES,
C.O. COLE, C.O. COLON, CAPT. ROBINSON, GEORGE NIEVES, BADGE #14115, GEORGE CERVANTES, BADGE #13674, MANUEL MOORE, BADGE #11656 AND ROBERT ELLIS, BADGE #478, DEFENDANTS.
 Docket No. 00-0028
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: April 25, 2001
Decided: August 29, 2001
 
 1
 Plaintiff-Appellant moved for reinstatement of his appeal, previously dismissed for failure to pay a filing fee. This Court reinstated the appeal and appointed counsel by order dated November 15, 2000, for the sole purpose of addressing the single issue remaining on the motion to reinstate, viz., "whether, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act [("PLRA")] [April 26, 1999], a prisoner- appellant is required to pay a separate filing/docketing fee for each appeal from two separate judgments, entered at different times, arising out of the same district court action."
 
 
 2
 MOTION DENIED and APPEAL DISMISSED.
 
 
 3
 Angie D. Le (Douglas F. Broder, Coudert Brothers, New York, Ny, on the brief), for Appellant.
 
 
 4
 A. Orli Spanier (Michael D. Hess, Corporation Counsel of the City of New York, and Kristin M. Helmers, New York, Ny, of counsel), for Appellees.
 
 
 5
 Before: Jacobs, Parker, Katzmann Circuit Judges.
 
 Per Curiam
 
 6
 This appeal does not concern the merits of the order of the United States District Court for the Southern District of New York (Hellerstein, J.), filed December 14, 1999, granting defendants- appellees' ("defendants") motion for summary judgment and dismissing plaintiff-appellant's, Elvin Lebron ("Lebron"), action brought pursuant to 42 U.S.C. § 1983. As directed by this Court's order dated November 15, 2000, the sole issue presented by plaintiff-appellant's motion to reinstate this appeal is "whether, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act [("PLRA")] [April 26, 1999], a prisoner-appellant is required to pay a separate filing/docketing fee for each appeal from two separate judgments, entered at different times, arising out of the same district court action." We hold that a prisoner-appellant must pay a separate filing fee for each appeal of a judgment arising out of the same civil action.
 
 I. BACKGROUND
 
 7
 Plaintiff-appellant, Elvin Lebron ("Lebron"), is an inmate under the custody of the Department of Corrections of the City of New York ("DOC") and is currently residing at the Clinton Correctional Facility, New York. Defendants are employees of the DOC.
 
 
 8
 On September 10, 1996, Lebron filed his pro se complaint in this action in the United Stated District Court for the Southern District of New York. With his complaint, he submitted a declaration in support of his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).
 
 
 9
 On September 10, 1996, the district court mailed to Lebron an Authorization Form, notifying him of the new requirements for filing a civil action under the amended PLRA. Lebron was obligated to pay in installments the entire court filing fee of $120 from his prison trust fund account. In accordance with the district court's instructions, Lebron timely completed and submitted the Authorization Form to the court on October 21, 1996.
 
 
 10
 On November 29, 1996, apparently unaware that the form had been submitted, the district court (Griesa, J.) issued an order and judgment dismissing Lebron's complaint on the grounds that Lebron had failed to submit a completed Authorization Form to the court as instructed.
 
 
 11
 Lebron filed a notice of appeal to this Court on December 10, 1996 and paid the filing fee. Attached to the notice of appeal were documents evidencing Lebron's timely submission of the Authorization Form to the district court.
 
 
 12
 On April 10, 1997, this Court ordered: (1) the district court's judgment dismissing the complaint vacated; and (2) the district court to decide, "based on the documents appellant submitted with his notice of appeal and whatever other evidence the district court shall need to make a just determination, whether appellant timely filed his Authorization Form with the district court."
 
 
 13
 Upon remand, the district court determined that Lebron had in fact timely submitted his Authorization Form, and on May 29, 1997, it vacated its prior order dismissing Lebron's case, reassigned the case to a district court judge, and granted Lebron leave to proceed in forma pauperis.
 
 
 14
 On or about July of 1997, Lebron filed a motion in this Court for return of the appellate filing fees. This Court denied his request on the grounds that "the fees were rightfully charged."
 
 
 15
 During the course of the following year and a half, the action proceeded in district court. On February 19, 1999, defendants moved for summary judgment, denial of Lebron's motion to conduct additional discovery, and denial of his motion to file another amended complaint. On September 21, 1999, Magistrate Judge Henry Pitman filed a report recommending that: (1) defendants' motion for summary judgment be granted in all respects; and (2) Lebron's motions to file a second amended complaint and compel discovery be denied. The district court filed an order on December 14, 1999, approving and adopting Magistrate Judge Pitman's report and recommendation.
 
 
 16
 On January 7, 2000, Lebron filed a notice of appeal in the district court which, according to this Court's docket sheet, was filed in this Court February 8, 2000. By order entered June 6, 2000, this Court dismissed Lebron's appeal on the ground that he had not completed and submitted the Prisoner Authorization form for the filing fee as previously directed by this Court.
 
 
 17
 Apparently, plaintiff refused to pay a filing fee, claiming that he should not have to pay a second time for his second appeal in a single case. On or about July 6, 2000, he served defendants with a petition for rehearing, asking this Court to consider the present issue. On November 15, 2000, this Court treated plaintiff's petition for rehearing as a motion to reinstate his appeal, and granted it for the sole purpose of appointing counsel to address the following question of first impression: "whether under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, a prisoner-appellant is required to pay a separate filing/docketing fee for each appeal from two separate judgments, entered at different times, arising out of the same district court action." This Court's order denied reinstatement "in all other respects".
 
 II. DISCUSSION
 
 18
 This Court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 19
 As specifically directed by this Court's order dated November 15, 2000, the sole issue addressed by the parties on this appeal is whether, under 28 U.S.C. § 1915, as amended by the PLRA, plaintiff-appellant should be required to pay a second filing/docketing fee to appeal a second judgment when he has already paid a filing fee to appeal another judgment in the same action.
 
 
 20
 Both parties argue that both statutory language and congressional intent support their respective positions. Lebron also contends that, in the alternative, he should be reimbursed for the costs of the first appeal, or his payment for the earlier appeal should be credited towards his obligation on his second appeal. Defendants respond that the fees paid earlier were properly charged and should not be reimbursed or credited.
 
 
 21
 28 U.S.C. § 1915(a)(1) states: "Subject to subsection (b), any court of the United States may authorize the commencement... of any suit... or appeal therein, without prepayment of fees... by a person who submits an affidavit... that the person is unable to pay such fees...." 28 U.S.C. § 1915(a)(1).
 
 28 U.S.C. § 1915(a)(2) provides:
 
 22
 A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1) [an affidavit stating one's assets], shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal....
 
 
 23
 28 U.S.C. § 1915 (a)(2).
 
 
 24
 Section 1915(b)(1) goes on to require that:
 
 
 25
 Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
 
 
 26
 (A) the average monthly deposits to the prisoner's account; or
 
 
 27
 (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
 
 
 28
 28 U.S.C. §1915(b)(1).
 
 
 29
 It is axiomatic that the starting point for the Court's construction of a statute is the plain meaning of the statute itself. See Lee v. Bankers Trust Co., 166 F.3d 540, 544 (2d Cir. 1999). Barring exceptional circumstances, where the terms of a statute are unambiguous, judicial review begins and ends with a review of the statute's terms. See id.
 
 
 30
 The meaning of section 1915 is clear and unambiguous. Subsection (a)(1) authorizes federal courts to permit any person to commence an appeal without prepayment of fees upon submission of an affidavit of inability to pay the fees. Subsection (a)(2) requires a prisoner "seeking to bring a civil action or appeal a judgment" without prepaying fees to report to the court the condition of his/her prisoner account. And section (b)(1) provides that notwithstanding the authority of a court under section (a)(1) to permit commencement of an appeal without prepayment of fees, "if a prisoner... files an appeal... the prisoner shall be required to pay the full amount of a filing fee." (Emphasis added).
 
 
 31
 There is nothing whatsoever in this language to suggest that filing fees may be forgiven in the event a prisoner files more than one appeal in a case. Nor is there anything to suggest a limit on the number of filing fees that must be paid by a prisoner who brings multiple appeals.
 
 
 32
 Given the lack of ambiguity in the statute there is no need to refer to legislative history to assist the interpretation. However, we do note that the limited legislative history which exists is in accord with the plain meaning of the statute. The intent of the Congress in enacting the Prison Litigation Reform Act, 28 U.S.C. § 1915, appears to have been to reduce frivolous prisoner litigation by making prisoners feel the deterrent effect of filing fee obligations. See 141 Cong. Rec. S.7524 (daily ed. May 25, 1995). This intent is consistent with the requirement that a separate fee is to be paid for each separate appeal.
 
 
 33
 Appellant argues that it was also a concern of Congress that the filing fee requirement not deter prisoners with meritorious claims from bringing suit. This concern appears to be addressed in Section 1915(b)(4) which provides: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915 (b)(4). Therefore, we hold that a separate filing fee is required for each appeal of a judgment in a civil action.
 
 
 34
 Plaintiff contends that Williamson v. Mark, 116 F.3d 115 (5th Cir. 1997) holds to the contrary of our ruling today. However, Williamson was a case in which the 5th Circuit Court of Appeals retained jurisdiction over an appeal while remanding to the district court for a ruling on in forma pauperis status and recalculation of a district court filing fee. The court merely permitted appellant to return to the appellate court by way of further proceeding in the initial appeal without paying a new fee. See id. at 116. Williamson did not discuss and is inapposite to a case such as this which involves two separate appeals in the same case.
 
 
 35
 Additionally, inasmuch as the fees paid earlier were properly charged and should not be reimbursed or credited, Lebron's alternative ground for relief is without merit. Cf. Goins v. Decaro, 241 F.3d 260 (2d Cir. 2001) (a prisoner that withdraws his appeal may not receive a refund of his partial payment and a cancellation of his obligation to pay the balance; to do so would be contrary to Congress's objectives in enacting the PLRA). Accordingly, because plaintiff has not paid a second filing fee, his motion to reinstate his appeal is denied and the reinstated appeal for the purpose of addressing this issue is dismissed.
 
 III. CONCLUSION
 
 36
 For the reasons set forth above, plaintiff's motion to reinstate his appeal is denied and the appeal is dismissed.