11-2668-cv
Palm Beach Strategic Income v. Salzman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand twelve.

PRESENT:
          PETER W. HALL,
          DENNY CHIN,
                    <u>Circuit Judges</u>,
          ALVIN K. HELLERSTEIN,[*]
                    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -x

PALM BEACH STRATEGIC INCOME, LP,
                    <u>Plaintiff-Appellant</u>,

          -v.-                                        11-2668-cv

STANLEY P. SALZMAN, MARILYN SALZMAN,
STANLEY P. SALZMAN, PC,
                    <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      RICHARD M. ASCHE, Litman, Asche & Gioiella, LLP, New York, New York.

FOR DEFENDANTS-APPELLEES:     PETER J. BIGING, Lewis Brisbois Bisgaard & Smith LLP, New York, New York, and William Todd Boyd and Joseph G. Riopelle, Boyd Richards Parker Colonnelli, PL, Tampa, Florida, <u>for</u> Stanley P. Salzman and Stanley P. Salzman, PC.

_____

[*]    The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

ELLIOT R. POLLAND, Hoffman, Polland & Furman, PLLC, New York, New York, for Marilyn Salzman.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order are **AFFIRMED**.

Plaintiff-appellant Palm Beach Strategic Income, LP ("PBSI") appeals from the district court's May 3, 2011, judgment granting the motion of defendants-appellees Stanley P. Salzman, PC (the "PC"), Stanley P. Salzman ("Salzman"), and Marilyn Salzman to dismiss PBSI's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  PBSI also appeals the district court's June 23, 2011, decision and order denying PBSI's motions for reconsideration pursuant to Rule 59(e) and relief from judgment pursuant to Rule 60(b).

PBSI first filed suit against the PC in the Southern District of Florida in 2008.  See Palm Beach Strategic Income, LP v. Stanley P. Salzman, PC, No. 2:08-CV-04188 (M.D. Fla. Mar. 12, 2008).  PBSI's complaint, which alleged breach of an escrow agreement with the PC, attached a May 2006 escrow agreement naming PBSI as the escrow provider ("PBSI Agreement 1").  In October 2008, the case was transferred to the Eastern District of New York.  PBSI filed an amended complaint against the PC and Salzman, this time attaching as the operative contract a May 2006 agreement that listed a different entity, Palm Beach Capital

-2-

Management, LLC ("PBCM"), as the escrow provider (the "PBCM Agreement").  The PBCM Agreement purported to cover the same transaction as PBSI Agreement 1, but PBSI made no effort to explain why it was now relying on a different agreement.[1]

Defendants moved to dismiss the amended complaint and PBSI filed a second amended complaint, again attaching the PBCM Agreement.  Defendants again moved to dismiss.  The district court granted the motion, and dismissed the second amended complaint because it failed to properly plead diversity jurisdiction.  The district court dismissed the action with leave to amend "for the limited purpose" of enabling PBSI to properly plead diversity jurisdiction.

PBSI, however, did not replead.  Instead, on January 21, 2010, PBSI filed a new action in the Eastern District of New York against the PC, Salzman, and Marilyn Salzman.  See Palm Beach Strategic Income, LP v. Salzman, No. 2:10-CV-00261-JS-AKT (E.D.N.Y. Jan. 21, 2010) (the "261 action").  The new complaint -- which was PBSI's fourth complaint -- asserted federal subject matter jurisdiction on the basis of newly-added RICO claims and again attached the PBCM Agreement as the operative contract.

Defendants moved to dismiss the 261 action for lack of standing, arguing that PBSI could not sue for breach of a contract to which PBSI was not a party.  PBSI argued that it indeed had standing because it provided the funds for the escrow

---

[1]    PBSI specifically argued that a July 2006 agreement, identified by Salzman as the operative contract, could not control because PBSI is "not identified as a party" or "referenced at all" in the July agreement.

account and because it was an undisclosed principal of PBCM. In its opposition, PBSI continued to rely on the PBCM Agreement. The district court granted defendants' motion to dismiss, but allowed PBSI to amend its complaint to cure the standing problem.

PBSI filed an amended complaint -- its fifth complaint -- that attached a May 2006 escrow agreement that named PBSI as the escrow provider ("PBSI Agreement 2") but was slightly different from PBSI Agreement 1, again without explanation for why yet another agreement was being submitted. On May 2, 2011, the district court granted defendants' motion to dismiss. The court found that because PBSI's amended complaint directly contradicted three of its prior complaints, which alleged that the PBCM Agreement controlled, the court had no obligation to accept the amended complaint's allegations as true. The court instead dismissed the case based on the insufficiency of PBSI's claims alleging breach of the PBCM Agreement, which the court considered controlling in light of PBSI's repeated representations that it was the operative contract. On May 17, 2011, PBSI filed a motion for reconsideration under Rule 59(e) or for relief from judgment under Rule 60, which the district court denied on June 23, 2011.

## DISCUSSION

We affirm the district court's dismissal of PBSI's amended complaint and denial of PBSI's post-judgment motions. Although the district court couched its ruling as a Rule 12(b)(6) dismissal of the amended complaint, in essence it was holding

that PBSI had gone beyond the limited leave it had been given to amend its original complaint, and the court instead considered the sufficiency of the prior complaint, that is, the original complaint in the 261 action. We hold that the district court did not abuse its discretion in doing so. We further hold that the district court correctly concluded that the original complaint failed to state a claim upon which relief could be granted.

Dismissals pursuant to Rule 12(b)(6) are reviewed de novo, Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002), but decisions denying leave to amend are reviewed for abuse of discretion, Iqbal v. Ashcroft, 574 F.3d 820, 822 (2d Cir. 2009) (per curiam); but see L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 345 (2d Cir. 2011) ("However, a denial of leave to amend that is based on a legal interpretation, such as for futility, is reviewed de novo."). We review denials of motions for reconsideration and motions for relief from judgment for abuse of discretion. Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999); Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998).

District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted. See, e.g., Pagan v. N.Y. State Div. of Parole, No. 98 Civ. 5840 (FM), 2002 WL 398682 (S.D.N.Y. Mar. 13, 2002) (granting defendants' motion to dismiss with prejudice as to new state law

claims alleged in amended complaint when court's order granted plaintiff leave to replead only his § 1981 and NYSHRL claims); Willett v. City Univ. of N.Y., No. 94 CV 3873, 1997 WL 104769 (E.D.N.Y. Feb. 18, 1997) (declining to consider five of eight new claims in amended complaint, on basis they exceeded scope of court's order granting plaintiff leave to amend); Kuntz v. N.Y. State Bd. of Elections, 924 F. Supp. 364 (N.D.N.Y. 1996) (dismissing three new claims in amended complaint where they "appear to proceed on entirely new factual allegations and legal bases and clearly exceed the mandated scope of the Court's leave to amend").  Such dismissals are also reviewed for abuse of discretion.  See United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506 (3d Cir. 2007) ("The rejection of an unapproved amended complaint is not an abuse of discretion."); FDIC v. Kooyomjian, 220 F.3d 10 (1st Cir. 2000) (no abuse of discretion where district court struck new counts alleging new theories of recovery where court granted leave to amend for the "limited purpose" of showing that existing claims were not barred).

Here, although the district court dismissed PBSI's amended complaint in its May 3, 2011, judgment, in essence what it did was reject the amended complaint as exceeding the parameters of the leave that was given to file an amended complaint.  Instead, the court considered the original complaint in the 261 action, which was the fourth complaint filed by PBSI based on the transaction in question.

We find no abuse of discretion in this decision. For over two years, PBSI relied on the PBCM Agreement, in three pleadings as well as in its opposition to defendants' first motion to dismiss the 261 action. After the district court dismissed the original complaint on the basis that PBSI had no standing to sue under the PBCM Agreement, it granted limited leave to amend so that PBSI could allege that it had standing. Instead of addressing the standing issue, PBSI abandoned the PBCM Agreement and attached PBSI Agreement 2, which purported to cover the same transaction and named PBSI as the escrow provider. The district court was understandably concerned with PBSI's sudden abandonment of the agreement it had relied on for over two years and was justified in doubting that there could be multiple agreements covering the same transaction. As plaintiff, PBSI was in the best position to understand which agreement controlled, and it was represented by the same law firm, Greenberg Traurig, throughout this time. The district court did not abuse its discretion in holding PBSI accountable for its previous representations to the court and considering PBSI's prior complaint in deciding defendants' motion to dismiss. The prior complaint, as the district court properly concluded, was deficient because PBSI failed to allege facts to show that it had standing to sue for breach of an agreement to which it was not a party.

## CONCLUSION

We have considered all of PBSI's remaining arguments and conclude that they are without merit.  Accordingly, the judgment and order of the district court are hereby **AFFIRMED**.


                            FOR THE COURT:
                            CATHERINE O'HAGAN WOLFE, CLERK