# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40705

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY LOPEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-153-4

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Johnny Lopez, Jr., federal prisoner # 16529-078, pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to manufacture and distribute methamphetamine. Lopez appeals the district court's denial of his motion requesting certain case documents so that he could prepare a pro se motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 782 to the Sentencing Guidelines. He moves

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40705

this court for leave to proceed in forma pauperis (IFP) and for the appointment of counsel.

Ordinarily, a prisoner seeking leave to proceed IFP on appeal must first ask permission to do so in the district court. FED. R. APP. P. 24(a)(1); *Williamson v. Mark*, 116 F.3d 115, 115 (5th Cir. 1997). Lopez did not file a motion for leave to proceed IFP in the district court, and the district court has not ruled on the issue. Nevertheless, this court need not remand the matter to the district court for consideration of Lopez's IFP motion. This court may dismiss an appeal on an interlocutory motion if it determines that the appeal "is frivolous and entirely without merit." *See* 5TH CIR. R. 42.2.

Lopez entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) where he agreed that the appropriate term of imprisonment was 180 months. There is no evidence that Lopez's stipulated sentence of 180 months was based on the quantity of drugs involved in the offense or the resulting advisory guideline range. *See United States v. Benitez*, 822 F.3d 807, 811-12 (5th Cir. 2016). As such, Lopez is not eligible for a sentence reduction under § 3582(c)(2) based upon Amendment 782. Accordingly, the district court did not err in denying his motion requesting documents to support such a motion. *See id.*

Because the instant appeal is without merit and is therefore frivolous, IT IS ORDERED that Lopez's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. His motion for the appointment of counsel is likewise DENIED.

2