17-1781-cv
*McCray v. Caparco*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand nineteen.

PRESENT:
>REENA RAGGI,
>PETER W. HALL,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

Cerious McCray,

>*Plaintiff-Appellant,*

Gabrielle Lutterodt, Patrick Lebon, Mindu Allah,
Kimberly Casanova, individually and as Executor of
the Estate of Twin Foetus' "Larry" and "Tunie"
Deceased,

>*Plaintiffs.*

>v.                                                                                                  17-1781-cv

Patrolman N.A. Caparco,

>*Defendant-Appellee,*

Dutchess County, Village of Wappingers Falls, Police Department, Chief of Police John Doe, Patrolman John Doe, Division of Parole Bureau of Poughkeepsie, Regional Supervisor Fred Flood, Senior Parole Officer Teresa Burgess, Parole Officer Temistocles E. Disla, Parole Officer Brown, Parole Officer Smith-Wick, All other unidentified P.O.'s, Village of Wappingers Falls, Mayor Matt Alexander, Judge Raymond C. Chase, Jr., Parole Officer Cooper, Police Commissioner Charles Ferry, Police Lieutenant John Doe, 3 Unnamed Parole Commissioners, Charlie Harvey, Special Housing Director Albert Prack, Inmate Grievance Director Karen Bellamy, Grievance Coordinator Jane Doe, Superintendent Calvin Rabsatt, Mr. Caldwell, Inspector C. Nunez, Correction Officer Jane Doe, Governor Andrew M. Cuomo, Supreme Court Judge Eugene Devine, Unnamed State's Attorney, Chairwoman Angela Jiminez, Administrative Law Judge Dennis Willard, Parole Specialist John Doe, Senior Parole Officer Rodney Young, Parole Officer John White, Parole Officer Tumminia, OASAS Commissioner Arlene Gonzales-Sanchez, Director Tamara Kammerer, Assistant Director Tom Miller, Christine Sutter, Director Anthony, Clinical Supervisor Wendy Aviles, Captain Michael J. Walters, Lieutenant Mary Duval, Sergeant Joan R. Alessi, Correction Officer Michael Derosa, District Attorney William V. Grady, Assistant District Attorney John Doe, Attorney General Eric H. Holder, Jr., United States of America, State of New York, County of Saint Lawrence, Albany County, County of Orange, Rockland County, New York State Department of Corrections and Community Supervision, Office of Diversity and Management, New York State Division of Parole, Poughkeepsie Area Office, Peekskill Area Community Supervision, New York State Department of OASAS, United States Department of Justice Civil Rights Division, Michael Mazzacone,

*Defendants.*

2

**FOR PLAINTIFF-APPELLANT:**          CERIOUS MCCRAY, *pro se*, Wallkill, New York

**FOR DEFENDANT-APPELLEE:**       DEREK HAYDEN, ESQ., Law Offices of M. Randolph Belkin, Latham, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), entered on January 4, 2017. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

## INTRODUCTION

In May 2010, Cerious McCray, *pro se*, sued numerous state and county agencies and officials under 42 U.S.C. § 1983 and state law for injuries resulting from a March 4, 2008 automobile stop and arrest in the Village of Wappingers Falls ("VWF"). In April 2012, McCray filed a second amended complaint ("SAC"), which named 45 defendants and adding new claims related to events that occurred after March 2008. In a November 2012 Order, the district court *sua sponte* dismissed the new claims and associated defendants pursuant to 28 U.S.C. § 1915A, as well as a *pro se* plaintiff who failed to file an *in forma pauperis* application. As to the claims and defendants related to the March 2008 stop and arrest, the district court dismissed VWF police officer Michael Mazzacone, leaving only VWF officer Nicholas Caparco as a defendant. In January 2017, McCray and Caparco signed a Stipulation of Settlement and Order of Dismissal, which the district court accepted, thereafter directing that the case be closed.

On appeal, McCray argues that the district court erred in *sua sponte* dismissing certain parties and claims in November 2012 when it reasoned (1) the SAC went beyond the scope of the permitted amendment and did not state plausible conspiracy claims or *Monell* claims against the VWF and Dutchess County; (2) the Southern District of New York was an improper venue for

3

claims related to events in the Northern District of New York and those claims would be dismissed and not transferred; (3) certain claims were barred by judicial or prosecutorial immunity; and (4) a plaintiff named in the SAC failed to comply with procedural requirements. McCray also challenges the dismissal of Mazzacone as a defendant and a number of procedural rulings. Finally, he claims that the district court and Caparco's attorney misrepresented the effect of the Stipulation of Settlement, rendering it voidable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A, *see Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); the dismissal of a complaint for failure to state a claim, *see Allco Fin. Ltd. v. Klee*, 805 F.3d 89, 93 (2d Cir. 2015); the application of a statute of limitations, *see City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011); and an order granting a defendant judgment on the pleadings, *see Latner v. Mt. Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018). In doing so, we "must accept as true all of the factual allegations set out in [a] plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks omitted); *see also Larkin*, 318 F.3d at 139; *Latner*, 879 F.3d at 54. We review a district court's procedural rulings for abuse of discretion. *Wood v. F.B.I.,* 432 F.3d 78, 82 (2d Cir. 2005).

4

**DISCUSSION**

I. **The district court's *sua sponte* dismissal of claims, defendants, and plaintiffs was proper.**

  *a. The post-March 2008 claims in the SAC go beyond the scope of the permitted amendment and were properly dismissed.*

McCray argues that the district court erred in *sua sponte* dismissing claims and defendants involved in events that transpired after the March 2008 stop and arrests. Although the district court dismissed these claims because they went beyond the scope of the permitted amendment, McCray claims he had a right to add "overlooked" parties. We disagree.

When the district court permitted McCray to amend his complaint in July 2011 so that McCray could plead his claims in compliance with Fed. R. Civ. P. 8, his existing allegations concerned only the March 2008 stop and arrests. Additional allegations can only be added "with the opposing party's written consent, or the court's leave," Fed. R. Civ. P. 15(a)(2), and neither was present here. Even construing McCray's amendment to be a motion for leave to amend, we review a denial of such leave "only for abuse of discretion," *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015), which is not evident in the refusal to allow an amended complaint with fifty additional pages of allegations encompassing unrelated events occurring months and years later than those originally pleaded. That conclusion is sufficiently obvious to warrant only our summary recognition. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

In dismissing claims related to alleged events occurring in the Northern District of New York, the district court concluded not only that the claims exceeded the scope of permitted amendment, but also that venue was lacking in the Southern District of New York. Although "[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), we identify no error in its failure to transfer those claims to the Northern District of New York because they allege events not pleaded at the outset and well beyond the scope of permitted amendment.

### b. *The SAC did not plausibly allege a conspiracy.*

The district court also noted that even new claims that went beyond the permitted amendment might have been cognizable if they plausibly connected to the original claims. McCray cannot establish that connection by asserting an overarching racially-motivated conspiracy because, on the facts pleaded, such a conspiracy is not plausible.

To state a § 1983 claim for conspiracy, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau,* 292 F.3d 307, 324–25 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 325 (quotation marks omitted). The SAC contains only conclusory allegations of conspiracy, which do not state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, all conspiracy claims, both related to the March 2008 events and afterward, were properly dismissed.

6

*c. The Monell claims were properly dismissed.*

In challenging the *sua sponte* dismissal of VWF and Dutchess County as defendants, McCray does not explain his claims against these entities, much less why they were plausible. Nor has he identified particular district court error. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Even assuming that McCray's challenge warrants the same consideration as if fully briefed, it fails on the merits.

Under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), a plaintiff must plausibly allege that "policies or customs [] sanctioned" by the municipality led to the alleged constitutional violation. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Dutchess County was properly dismissed because the SAC contains no allegation that Dutchess County employees were involved in the March 2008 traffic stop or the subsequent arrests, which were conducted by VWF police and New York State parole officers, or that the County had any policy or custom that led to these allegedly unconstitutional events.

McCray's claims against the VWF focus on its failure to train its police officers. The SAC alleged that the VWF, its mayor, police commissioner, police lieutenant, and district attorney should be held liable for the "grossly negligent management of Caparco," and that "the involved policymakers' deliberate failure to inform, train, supervise, and discipline Caparco and others on similar traffic stop and arrest procedures proximately created a policy or custom under which constitutional rights were deliberately violated." ROA doc. 37 (Second Am. Compl.) at ¶ 22. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Only where a failure to

7

train amounts to "deliberate indifference to the rights of persons with whom the police come into contact" can a policy or custom be actionable under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). When municipal policymakers are "on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Connick*, 563 U.S. at 61. McCray has not alleged any such facts to support his conclusory failure to train claim, and therefore the *Monell* claim against VWF was properly dismissed.

### d. Certain defendants had absolute judicial or prosecutorial immunity.

McCray challenges the *sua sponte* dismissal of two named judges—Justice of the Peace Raymond Chase, Wappingers Falls Court, and Justice Devine, Supreme Court of Albany County—and two state's attorneys, one identified as Grady and the other unidentified, on the grounds of judicial and prosecutorial immunity, arguing that he should have had an opportunity to brief the issue. That argument fails because 28 U.S.C. § 1915A "clearly does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal." *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999).

In any event, we identify no error in the dismissal of these defendants. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Whether an act is judicial "relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the

8

expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.

The SAC faults Judge Chase's adjudication of a proceeding where McCray accepted an "A.C.D." It also faults Justice Devine's handling of McCray's Article 78 proceeding, where the judge and the state's attorneys allegedly agreed to keep McCray "blind to the progress of his special proceeding" by refusing to respond to his inquiries, offering sham assistance with service, and failing to notify him that his relief was granted. *Id.* at ¶¶ 54–56. Based on these allegations, both judges were engaged in judicial actions for which absolute judicial immunity attaches.

*Imbler v. Pachtman*, 424 U.S. 409 (1976), instructs that acts by a prosecutor that are "intimately associated with the judicial phase of the criminal process [are] shielded by absolute immunity," but administrative or investigative acts are not. *Warney v. Monroe Cty.*, 587 F.3d 113, 121 (2d Cir. 2009) (internal quotation marks omitted). State's Attorney Grady is named in the caption of the SAC but not mentioned in its body. The SAC includes passing references to state's attorneys involved in the proceedings before Justice Devine and Judge Chase, but such acts, taken in the judicial phase of the criminal process rather than any administrative or investigative function, are entitled to absolute prosecutorial immunity.

### e. Plaintiff Casanova was properly dismissed.

McCray argues the court erred in dismissing Kimberly Casanova as a plaintiff for failing to "provide her telephone number." This argument is meritless. In its July 2011 Order, the district court directed that individuals, including Casanova, who wished to proceed as plaintiffs in the SAC would have to "comply with several administrative rules," such as signing the pleading and

9

paying the filing fee (or securing its waiver by requesting to proceed *in forma pauperis* through a signed application). ROA doc. 16 (July 11, 2011 Order) at 3. The Order advised that anyone who did not do so would be dismissed. Casanova signed the SAC but did not pay the filing fee or submit an *in forma pauperis* application. The November 2012 order dismissed Casanova for these failures as well as for not providing her contact information to the court. The district court did not err in dismissing Casanova for failing to comply with court administrative requirements. *See Lebron v. Correction Officer Russo*, 263 F.3d 38, 42 (2d Cir. 2001) (dismissing case for failure to meet administrative requirements).

### f. Defendant Mazzacone was properly dismissed.

We affirm the district court's dismissal of § 1983 claims against defendant Mazzacone as time-barred for substantially the reasons stated by the court on the record. *See Hogan v. Fischer*, 738 F.3d 509, 517–18 (2d Cir. 2013) (opining that "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued," and that Rule 15(c)(1)(C) allows "the relation back of an amendment due to a mistake concerning the identity of the parties," but "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.") (internal quotation marks omitted).

### II. The Settlement Agreement is not voidable.

Claiming he was misled, McCray asserts that the Settlement Agreement is voidable because he was not told that by dismissing his claims against Caparco, his "derivative" *Monell* claims for false arrest and malicious prosecution against the Village would be futile on appeal. Construed liberally, McCray's brief requests relief under Fed. R. Civ. P. 60(b)(3) on the ground

10

that the settlement was induced by "fraud, . . . misrepresentation, or misconduct by an opposing party."  But McCray's claim is not plausible because he provides no specific allegation of misconduct by the court or Caparco's attorney causing him to sign the Agreement.  *See Iqbal*, 556 U.S. at 678.  Accordingly, relief under Rule 60 is not proper.

### III.    McCray's claims of procedural errors are meritless.

Finally, McCray criticizes the district court for numerous procedural errors including: failing to give him reasonable time to oppose either a motion to dismiss or an application by the State defendants to deem the motion to dismiss fully briefed; failing to consider his late-filed opposition to dismissal and his letter-applications of July 31 and August 16, 2013; failing to provide him sufficient notice of the August 26, 2013 order; and entering an "unsigned" order on July 18, 2013.  Many of these arguments are facially untrue, and all are meritless.  The district court did not abuse its discretion in issuing any of these rulings.

### CONCLUSION

We have considered all McCray's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11