■ In the Matter of MARTIN RUEF, Petitioner, v JOHN G. JORDAN et al., Respondents. [605 NYS2d 530] —Cardona, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Board of Education of the Tri-Valley Central School District which, *inter alia,* suspended petitioner from high school.

On March 12, 1992 a student went to the office of the Superintendent of the Tri-Valley Central School District located in petitioner's high school and turned in a sealed

envelope containing money and what appeared to be marihuana. The Superintendent went to the locker area where the envelope had been found. At the locker area he met petitioner and a fellow student, Rudy Roth, who told him that they had lost an envelope. The Superintendent took petitioner and Roth to his office and showed them the envelope. Petitioner said the envelope was his and that he wanted his money. The Superintendent refused to return the envelope, instead turning it over to the police. He was later advised that the content of the envelope was, in fact, marihuana. The principal suspended petitioner for five days and scheduled a hearing. The Hearing Officer found petitioner guilty of possession or intent to possess marihuana and recommended that petitioner receive a five-day suspension. Based upon the Superintendent's recusal due to his initial involvement, the advisory opinion went directly to respondent Board of Education of the Tri-Valley Central School District (hereinafter the Board) which adopted the Hearing Officer's findings but increased the suspension to two months.* Petitioner brought this proceeding seeking to annul the Board's determination.

The record shows that both petitioner's case and that involving Roth were taken up at a regularly scheduled meeting of the Board. During executive session, the Board listened to the tape recordings of the two separate disciplinary hearings involving petitioner and Roth. Although we find no error in this procedure, it was improper for a Board member, as he testified in the hearing conducted before Supreme Court, to base his decision in petitioner's matter on what he heard on both tapes. Education Law § 3214 provides in substance that in reaching a decision the Board must rely solely upon the record made at the hearing *(see, Matter of Richards,* 19 Ed Dept Rep 43). Petitioner had the right to assume that the only evidence the Board would consider in determining his case was that adduced in the record of his disciplinary hearing *(see, Matter of Simpson v Wolansky,* 38 NY2d 391). This error was prejudicial to petitioner in that it operated to deny him the right to be fully apprised of the proof to be considered with the opportunity to cross-examine witnesses and to offer evidence in rebuttal or explanation *(see, supra,* at 395).

Although this error could be corrected upon remittal, based upon the fact that the incident occurred some 20 months ago

---

* On April 27, 1992, a temporary restraining order was issued allowing petitioner to attend school classes during actual class hours. Petitioner therefore completed his senior year and graduated in June 1992.

and that petitioner has since graduated from high school, equity dictates expungement of the charge rather than remittal *(see, Matter of Allah v LeFevre,* 132 AD2d 293, 295; *cf., Matter of Vogelsang v Coombe,* 105 AD2d 913, *affd* 66 NY2d 835). We find it unnecessary to address petitioner's remaining contentions.

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and respondents are directed to expunge all references to the proceeding from petitioner's school records.