17-99-cv
*Latner v. Mt. Sinai Health System, Inc.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2017
No. 17-99-cv

DANIEL LATNER, individually and on behalf of others similarly
situated,
*Plaintiff-Appellant,*

*v.*

MOUNT SINAI HEALTH SYSTEM, INC, WEST PARK MEDICAL GROUP,
P.C.,
*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 1:16-cv-00683 — Alvin K. Hellerstein, *Judge.*

————

ARGUED: DECEMBER 7, 2017
DECIDED: JANUARY 3, 2018
AMENDED: JANUARY 9, 2018

————

Before: CABRANES AND LIVINGSTON, *Circuit Judges*, and GOLDBERG,
*Judge.* \*

————

Plaintiff-Appellant Daniel Latner commenced this putative
class action against Defendants-Appellants Mount Sinai Health
System, Inc. and West Park Medical Group, P.C., seeking redress for
autodialed text message telemarketing communications made by or
on behalf of defendants to the cell phones of Plaintiff and others in
violation of the Telephone Consumer Protection Act ("TCPA"). The
United States District Court for the Southern District of New York
(Alvin K. Hellerstein, *Judge*) granted Defendant-Appellants' motion
for judgment on the pleadings.

We hold that the message at issue does not violate the TCPA,
and thus, for reasons different from those stated by the District Court,
we **AFFIRM** the December 14, 2016 judgment of the District Court.

————

ALEXANDER H. BURKE, Burke Law Offices, LLC,
Chicago, Illinois, *for Plaintiff-Appellant*.

---

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting
by designation.

STUART M. GERSON, Patricia M. Wagner, Tanya v. Cramer, Epstein Becker & Green, P.C., Washington, DC, *for Defendants-Appellees.*

_____

JOSÉ A. CABRANES, *Circuit Judge*:

The question presented is whether a flu shot reminder text message sent by a hospital violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

This appeal from the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*), Plaintiff-Appellant David Latner ("Latner") challenges the District Court's decision granting Defendants-Appellants Mount Sinai Health System, Inc.'s ("Mt. Sinai") and West Park Medical Group, P.C.'s ("WPMG") motion for judgment on the pleadings.

In 2003, Latner went to a Mt. Sinai facility, WPMG, for a routine overall health examination, and reviewed and filled out new patient forms. He signed a New Patient health form containing his contact information and an Ambulatory Patient Notification Record that granted consent to Mt. Sinai to use his health information "for payment, treatment and hospital operations purposes."

In June 2011, Mt. Sinai hired a third party, PromptALERT, Inc., to send mass messages on behalf of Mt. Sinai, including transmitting flu shot reminder texts for WPMG. In November of that year, Latner returned to WPMG and declined any immunizations.

On September 19, 2014, he received the following text message from WPMG:

> Its flu season again. Your PCP at WPMG is thinking of you! Please call us at 212-247-8100 to schedule an appointment for a flu shot. (212-247-8100, WPMG).

A-26. Latner did not receive any further text messages from WPMG. In limited discovery below, Mt. Sinai stated that it sent flu shot reminder texts to all active patients of WPMG who had visited the office in the three years prior to the date of the texts; Latner's 2011 visit fell within that timeline.

Latner filed suit, alleging that Mt. Sinai violated §227(b)(1)(A)(iii) of the TCPA.[1] On December 14, 2016, the District Court granted Mt. Sinai's motion for judgment on the pleadings and dismissed the case. This timely appeal followed.

We review a district court's order granting a defendant's motion for judgment on the pleadings *de novo*. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). We accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* We may affirm the decision of the District Court for any reason supported by the record. *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

---

[1] 47 U.S.C. § 227 (b)(1)(A)(iii) provides that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or prerecorded voice… to any telephone number assigned to a… cellular telephone service."

The TCPA makes it unlawful to send texts or place calls to cell phones through automated telephone dialing systems, except under certain exemptions or with consent. 47 U.S.C. § 227(b)(1)(A)(iii). Congress delegated authority to issue regulations under the TCPA to the Federal Communications Commission ("FCC"). 47 U.S.C. § 227(b)(2). Prior express consent is an affirmative defense to liability under the TCPA. The FCC first interpreted the TCPA's prior-express consent provision in a 1992 Order implementing the TCPA, where it concluded that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8768-69, ¶ 31 (1992). In 2008, the FCC extended this proposition to cell phone numbers. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564 ¶ 9 (2008) (holding that provision of cell phone numbers as part of hospital admissions constituted prior express consent to receive calls relating to medical debt). In 2014, the FCC clarified that "the scope of [an individual's prior express] consent must be determined upon the facts of each situation." *Matter of GroupMe, Inc./Skype Commc'ns S.A.R.L Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29 F.C.C. Rcd. 3442, 3446, ¶ 11 (March 27, 2014).

In 2012, the FCC devised a "Telemarketing Rule" requiring "prior *written* consent for autodialed or prerecorded telemarketing calls." *In the Matter of Rules and Regulations Implementing the Tel.*

*Consumer Prot. Act of* 1991, 27 FCC Rcd. 1830, 1838 (2012) (emphasis added). The FCC exempts from *written* consent calls to wireless cell numbers if the call "delivers a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those are defined in the HIPAA Privacy Rule." 47 C.F.R. § 64.1200(a)(2) (the "Healthcare Exception"). HIPAA defines health care to include "care, services, or supplies related to the health of an individual." 45 C.F.R. § 160.103. It exempts from its definition of marketing all communications made "[f]or treatment of an individual by a health care provider… or to direct or recommend alternative treatments" to the individual. *Id.* at 164.501.

The District Court granted Mt. Sinai's motion on the pleadings, holding that the text message qualified for the FCC's Healthcare Exception. A-210. As an initial matter, we note that the District Court's analysis was incomplete. It (correctly) determined that the text message "deliver[ed] a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those are defined in the HIPAA Privacy Rule," 47 C.F.R. § 64.1200(a)(2). But it did not then go on to determine whether Latner provided his prior express consent to receive the text message. *See id.; see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8030, ¶ 143 n.481 (July 10, 2015) ("2015 Order") (noting that calls that qualify for the Healthcare Exception "are

exempt from the . . . written consent requirement but are still covered by the [TCPA's] general consent requirement").[2]

Nonetheless, we affirm the District Court's judgment on the grounds that, considering "the facts of the situation," the text message did indeed fall within "the scope of [Latner's prior express] consent." *See* 29 F.C.C. Rcd. at 3446, ¶ 11. Latner provided his cell phone number when he first visited WPMG in 2003. He also signed a consent form acknowledging receipt of various privacy notices. A-130. In signing this form, Latner agreed that Mt. Sinai could share his information for "treatment" purposes, and the privacy notices stated that WPMG could use Latner's information "to recommend possible treatment alternatives or health-related benefits and services." A-139. Considering the circumstances, we hold that Latner provided his prior express consent to receiving a single text message about a "health-related benefit[]" that might have been of interest to him.

---

[2] It is also possible that the District Court held that the text message fell under the TCPA's Healthcare Treatment Exemption. The FCC introduced the Healthcare Treatment Exemption in 2015. It exempts companies from receiving consent from consumers before making certain health-related communications to them. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of* 1991, 30 FCC Rcd. 7961, ¶147. It mandates that senders must not charge recipients for receiving health-related communications and must include an explicit opt-out option in any message. The order also narrows the scope of the required prior express consent under the TCPA, stating that for a recipient to have granted consent, "the call must be *closely related* to the purpose for which the telephone number was originally provided." *Id.*, n. 474 (emphasis added). If that is the case, we hold that this exemption does not apply here because the FCC only introduced it after Mt. Sinai sent the flu reminder text message received by Latner. There is no language in the 2015 FCC order suggesting any intent to make the Exception retroactive, much less the justification for any asserted retroactivity, precluding its application in this instance.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the December 14, 2016 judgment of the District Court.