17-2953-cv
*Andrews v. Town of Wallingford*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand eighteen.

PRESENT:     José A. Cabranes,
                     Barrington D. Parker,
                                *Circuit Judges,*
                     Kiyo A. Matsumoto,
                                *District Judge.*\*

---

Lynn Cooke Andrews, Jeffery Andrews,
Wesley W. Andrews, Colton C. Andrews,
Ellery E. Andrews,

                     *Plaintiffs-Appellants,*                     17-2953-cv

                     v.

---

\* Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

TOWN OF WALLINGFORD, WALLINGFORD INLAND
WETLANDS AND WATERCOURSES COMMISSION, ERIN
O'HARA, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS ENVIRONMENTAL AND NATURAL
RESOURCES PLANNER OF THE TOWN OF
WALLINGFORD,

*Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**          THOMAS E. KATON, Susman, Duffy &
                                        Segaloff, P.C., New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**           JANIS M. SMALL, Corporation Counsel,
                                        Town of Wallingford, Wallingford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 31, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Lynne Cooke Andrews, Jeffery Andrews, Wesley W. Andrews, Colton C. Andrews, and Ellery E. Andrews (jointly, "Plaintiffs") appeal a judgment of the District Court granting judgment on the pleadings in favor of Defendants-Appellees Town of Wallingford, the Wallingford Inland Wetlands and Watercourses Commission (the "Commission"), and Erin O'Hara (jointly, "Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

In July 2009, Plaintiffs, who own and operate a farm in Wallingford, built a pond on their property. Approximately one month later, the Commission issued an order requiring that Plaintiffs cease and desist use of the pond. This commenced a years-long dispute that appeared to have concluded in November 2012, when the Connecticut Appellate Court affirmed a decision of the Connecticut Superior Court permanently enjoining Plaintiffs' operation of the pond and requiring certain remediation measures. *See Inland Wetlands & Watercourses Comm'n v. Andrews*, 56 A.3d 717, 718 (Conn. App. Ct. 2012). But then, on July 22, 2016, Plaintiffs commenced this action under 42 U.S.C. § 1983, alleging that Defendants violated their (largely unspecified) federal constitutional rights. Defendants moved for judgment on the pleadings, and, concluding that Plaintiffs' claims are time-

barred, the District Court granted Defendants' motion. *See Andrews v. Town of Wallingford*, No. 3:16-CV-01232 (JAM), 2017 WL 3588571, at *1 (D. Conn. Aug. 21, 2017).

\* \* \*

"We review a district court's order granting a . . . motion for judgment on the pleadings *de novo* . . . . accept[ing] all factual allegations in the complaint as true and constru[ing] them in the light most favorable to the non-moving party." *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018) (citation omitted). "We may affirm the decision of the District Court for any reason supported by the record." *Id.*

On appeal, Plaintiffs argue that the District Court erred in concluding that *all* of their claims are time-barred. Specifically, Plaintiffs contend that the District Court overlooked their challenge to the constitutionality of an unspecified "regulatory scheme" that enabled Defendants to enforce local land-use laws in a manner Plaintiffs find objectionable. This claim is timely, according to Plaintiffs, because "challenges to the constitutionality of . . . statutes and regulations accrue anew daily for as long as the plaintiff is subject to them." Pls.' Br. 7.

This argument is unavailing for a simple reason: even construed in the light most favorable to Plaintiffs, the complaint does not come close to asserting such a claim. Even if Plaintiffs had adequately described the "regulatory scheme" they purport to challenge, which they have not, it is plain that their claims arise from Defendants' *enforcement* of local land-use regulations, not the regulations themselves or the mechanism by which they were enforced. Plaintiffs' bare references to "unlawful regulations" and an "unlawful regulatory scheme," *e.g.*, Pls.' App'x at 7, are precisely the type of conclusory statements that district courts need not credit at this stage in a case, *see, e.g.*, *Hayden v. Paterson*, 594 F.3d 150, 160-61 (2d Cir. 2010). Though the District Court did not explicitly conclude that Plaintiffs have not asserted a challenge to any "regulatory scheme," that conclusion is implied by its discussion of the cases on which Plaintiffs rely and is supported by the record. *See Andrews*, 2017 WL 3588571, at *4 ("The facts of this case distinguish it from cases involving belated challenges to statutes or administrative regulations.").

Plaintiffs do not otherwise contest the District Court's conclusions that their claims are time-barred and that the "continuing violation" doctrine, *see Gonzalez v. Hasty*, 802 F.3d 212, 219-21 (2d Cir. 2015) (describing doctrine), does not apply. Accordingly, they have waived any other potential challenges. *Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (treating potential challenge as "abandoned" where litigant "fail[ed] to discuss th[e] claim anywhere in his brief"). In any event, we see no error in the District Court's well-reasoned analysis of these issues.

\* \* \*

3

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 31, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
