*Horton v. Westling*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge*,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges*.

---

SCHUYLER HORTON,

        *Plaintiff-Appellant*,

        v.                      No. 18-763

SUSAN T. WESTLING,

        *Defendant-Appellee,*

BOARD OF EDUCATION OF THE
SHERBURNE-EARLVILLE CENTRAL SCHOOL
DISTRICT, ERIC A. SCHNABL, SUPERINTENDENT
OF SCHOOLS OF THE SHERBURNE-EARLVILLE
CENTRAL SCHOOL,

        *Defendants.*

---

1

For Plaintiff-Appellant:                    STEPHEN CIOTOLI, O'Hara, O'Connell &
                                            Ciotoli, Fayetteville, NY.

For Defendant-Appellee:                     WHITNEY M. KUMMEROW, Hancock
                                            Estabrook, LLP, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of
New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Schuyler Horton was suspended for most of his senior year of high
school for alleged bullying and other violations of his school district's Code of Conduct. He
alleges that defendant-appellee Susan T. Westling, his hearing officer during the suspension
proceedings, violated his procedural and substantive due process rights. The district court
granted judgment to Westling on the pleadings. Horton had previously appealed the dismissal of
claims against the Sherburne-Earlville Central School District and its superintendent Eric
Schnabl, but this Court dismissed the appeal for failure to file a timely opening brief. Horton
does not attempt to appeal that decision a second time. We assume familiarity with the
underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's decision to grant judgment on the pleadings under
Federal Rule of Civil Procedure 12(c). *Latner v. Mount Sinai Health Sys., Inc*, 879 F.3d 52, 54
(2d Cir. 2018), *as amended* (Jan. 9, 2018).[1] All factual allegations in the complaint must be
accepted as true and construed in the light most favorable to the non-moving party. *Id.* "To

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks,
alterations, footnotes, and citations.

2

survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018).

Horton first challenges the district court's dismissal of his procedural due process claim. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 51 (2d Cir. 2018). New York statutory law creates a property interest in education for students, *Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006), and Westling does not dispute that Horton has alleged a property interest.

Horton alleges that Westling deprived him of this interest by introducing numerous procedural flaws into his suspension hearings and appeal process. But where, as here, the alleged deprivation resulted from the "random, unauthorized acts" of a state employee without final decision-making authority, "the Due Process Clause of the Fourteenth Amendment is not violated . . . so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) [hereinafter *HANAC*]. The district court found that Horton failed to state a procedural due process claim because New York provided such a post-deprivation remedy through its Article 78 procedure, *see* N.Y. C.P.L.R. §§ 7801-06, which governs appeals of agency decisions to state courts. This Court has often acknowledged that Article 78 proceedings provide an adequate state remedy for procedurally improper agency decisions. *See, e.g.*, *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 156-57 (2d Cir. 2006); *HANAC*, 101 F.3d at 881 (collecting cases).

Horton contends that an Article 78 proceeding would be inadequate in his case. First, he claims that he could not meaningfully challenge Westling's deprivation of his right to education

in an Article 78 proceeding because Westling does not have the power to remove his suspension from his record even if a court ordered it. But the District and Schnabl could have expunged the suspension from Horton's record had Horton brought an Article 78 action against them. *See* N.Y. C.P.L.R. §§ 7801, 7802(a)-(b); *see also Ruef v. Jordan*, 199 A.D.2d 802, 803-04 (N.Y. App. Div. 1993) (ordering expungement of the suspension of a graduated student).[2]

Second, Horton claims that an Article 78 proceeding is inadequate because money damages are not available under Article 78. Damages may be awarded under Article 78 if they are "incidental to the primary relief sought by the petitioner" and are "such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the [state] supreme court against the same body or officer in its or his official capacity." N.Y. C.P.L.R. § 7806. Article 78 proceedings remain adequate for purposes of procedural due process even if Horton could not have sought damages as incidental relief from the District. *See HANAC*, 101 F.3d at 881 (noting "[a]n Article 78 proceeding is adequate for due process purposes even" if it cannot provide all the remedies of a § 1983 suit). While Horton did not actually file an Article 78 action, he had "a meaningful opportunity to challenge" his treatment and so was "not deprived of due process simply because [he] failed to avail [himself] of the opportunity." *Id.* We therefore affirm the district court's dismissal of Horton's procedural due process claim.[3]

---

[2] Horton also implies that expungement is not a sufficient replacement for revoking the suspension while he was still in school, arguing that "it is incongruous with reality to posit that [he] had any possibility of getting his suspension overturned in an Article 78 proceeding or his appeal to the Commissioner before the end of his senior year." Appellant's Br. 28. However, "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *HANAC*, 101 F.3d at 881.

[3] Because Horton's procedural due process claim fails on the merits, "[w]e see no need to resolve" whether the district court erred in holding that collateral estoppel barred the claim. *See Wisniewski v. Bd. of Educ. of Weedsport Cent. Sch. Dist.*, 494 F.3d 34, 37 (2d Cir. 2007).

4

Horton also contends that the district court erroneously dismissed his substantive due process claim. "For a substantive due process claim to survive a Rule 12[(c)] dismissal motion, it must allege governmental conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005). This test "is necessarily imprecise," but it is clear that "whether executive action shocks the conscience depends on the state of mind of the government actor and the context in which the action was taken." *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005). Intentional conduct "unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Horton alleges that Westling knew about exculpatory evidence at the time of his first hearing but did not provide it to Horton, even while referencing it during the hearing. Horton also points to Westling's role as advocate for the District before the Board of Education, which the complaint describes as "highly inappropriate." Finally, Horton claims that Westling met *ex parte* with District officials several times during the hearing and appeal process. To the extent that one might expect proceedings under New York Education Law § 3214 to operate with procedural safeguards like those of court adjudications, some of these allegations might be troubling. However, Westling's alleged actions are if anything procedural due process concerns rather than substantive ones. "[S]ubstantive due process does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit. Its standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273

5

F.3d 494, 505 (2d Cir. 2001). Even reading the complaint's allegations together and in Horton's favor, Westling's conduct does not rise to this level.[4]

We have considered Horton's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[4] Horton's brief also claims that Westling "wrongly reversed the burden of proof" at the second hearing, and that she "had the Board exclude [Horton] and his parents from their counsel's presentation." Appellant's Br. 31. However, the complaint alleges that Schnabl, not Westling, was the one who reversed the burden of proof by stating in his decision that an allegedly exculpatory video "*does not definitively prove that [Horton] is innocent in this matter*." J.A. 16 ¶ 23. The complaint also does not allege that Westling convinced the Board to exclude Horton and his parents; it states only that "the Horton's [sic] were improperly excluded" from the room during the appeal, J.A. 17 ¶ 24, without stating whether the Board decided to exclude the Hortons on its own or whether it did so at Westling's urging.