18-3643-cv
*Rodriguez v. Diaz*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand nineteen.

PRESENT:  RICHARD C. WESLEY,
          DENNY CHIN,
          JOSEPH F. BIANCO,
              *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JORGE RODRIGUEZ,

               *Plaintiff-Appellant*,

               v.                                    18-3643-cv

REEMBERTO DIAZ, in his official capacity as a
judicial officer in the state of Florida
               *Defendant-Appellee*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FOR PLAINTIFF-APPELLANT:        JORGE RODRIGUEZ, Rodriguez Law Firm, PLLC, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE          WILLIAM H. STAFFORD III, Senior Assistant Attorney General of Florida, *for* Ashley Moody, Attorney General, Tallahassee, Florida.

Appeal from an order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff Jorge Rodriguez, an attorney proceeding *pro se*, sued Reemberto Diaz, a Florida state court judge, under 42 U.S.C. § 1983, alleging that Judge Diaz's revocation of Rodriguez's *pro hac vice* admission in Florida state court violated the First and Fourteenth Amendments, the Privileges and Immunities Clause, and the Supremacy Clause. The district court *sua sponte* dismissed the complaint, without leave to amend, reasoning that it could not compel state officials to act, Judge Diaz was entitled to judicial immunity, and venue was improper. Rodriguez now appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the district court's *sua sponte* dismissal of the complaint under § 1915(e). *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam). We can affirm the district court "for any reason supported by the record," *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018), including different reasons than those provided by the district court, *see Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001). Upon our *de novo* review, we conclude that the district court lacked jurisdiction over this action.

"When a federal suit follows a state suit, the former may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). The doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[,]" *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005), and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Sung Cho*, 910 F.3d at 644 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). For a court to be deprived of jurisdiction under this doctrine, four requirements must be met: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id*. at 645. In recent years, "we have applied the *Rooker-Feldman* doctrine with some frequency to cases involving suits directly against state-court judges, or in which error by state-court judges in state-court proceedings is asserted." *Id*. at 645 & n.5 (collecting cases).

Here, all four requirements of the *Rooker-Feldman* doctrine are satisfied. As to the first two factors, Rodriguez effectively "lost" in Florida state court when his *pro*

- 3 -

*hac vice* status was revoked, and he complains of injuries caused by that decision.  As to the third factor, he asked the district court to review and reject the state court judge's decision to revoke his admission.  As to the fourth factor, the state court judge revoked Rodriguez's *pro hac vice* status in January 2018, and Rodriguez filed his district court action in October 2018.  Reaching the merits of Rodriguez's claims would necessarily require the district court to reassess the state court's judgment.  Accordingly, the *Rooker-Feldman* doctrine deprives the federal courts of jurisdiction.  *See id.* at 649 (observing that federal courts are not "quasi-appellate courts sitting in review of state-court decisions").

We have considered Rodriguez's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

- 4 -