19-632-cv
*Herlihy v. Sandals Resorts International, LTD., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges,*
          CHRISTINA REISS,
                    *District Judge.**

---

SCOTT HERLIHY,

    *Plaintiff-Appellant,*        19-632-cv

    v.

SANDALS RESORTS INTERNATIONAL, LTD., and LA TOC HOLDINGS LIMITED,

    *Defendants-Appellees.*†

---

**FOR PLAINTIFF-APPELLANT:**    I. BRYCE MOSES, Wingate Russotti Shapiro & Halperin, LLP, New York, NY.

---

 * Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

 † The Clerk of Court is directed to amend the official caption to conform to the above.

1

**FOR DEFENDANTS-APPELLEES:** THOMAS E. SCOTT, Cole, Scott & Kissane, P.A., Miami, FL, Ralph V. Pagano and Tara E. Nicola, *on the brief*, Fitzpatrick & Hunt, Pagano, Aubert, LLP, New York, NY.

Appeal from a February 20, 2019 judgment of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Scott Herlihy ("Herlihy") appeals from a February 20, 2019 judgment dismissing his suit against Defendants-Appellees Sandals Resorts International, LTD. and La Toc Holdings Limited (jointly, "Sandals")[1] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Herlihy argues that the District Court erred in finding a lack of minimum contacts for personal jurisdiction in a suit arising from or relating to Sandals' alleged sustained and targeted efforts to induce Connecticut residents to stay at its resorts. Herlihy further contends that the District Court erroneously denied him the opportunity to conduct discovery as to the forum-related conduct of Sandals' agents.

## I.     Personal Jurisdiction Over Sandals

In reviewing a district court's decision regarding its exercise of personal jurisdiction, we review its legal conclusions *de novo* and its factual findings for clear error. *See Troma Entm't, Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 217 (2d Cir. 2013). We may affirm the district court "for any reason supported by the record." *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018).

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. For a plaintiff to prevail, he must make a prima facie showing that the court has jurisdiction over the defendant. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010) ("Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction

---

[1] As noted by the District Court, at oral argument Herlihy abandoned his claims against defendant Sandals Resorts International LTD, IBC. *See* App'x 430 n.1.

over the defendant."). A court may not exercise jurisdiction over a defendant if it would violate the defendant's right to constitutional due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (internal quotation marks omitted).

We agree with the District Court's conclusion that exercising jurisdiction over Sandals in the circumstances here would not comport with due process. To establish specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Here, as identified by the District Court, Sandals' conduct is not sufficiently connected to Connecticut, as Herlihy's claims for negligence, recklessness, and public nuisance relate to the maintenance of a tree on Saint Lucia. *See* App'x 434. Herlihy has not demonstrated that Sandals "purposefully directed" its activities to Connecticut such that it would be subject to jurisdiction there under established Supreme Court jurisprudence and this Circuit's own precedents, which require a substantial connection between the cause of action and the alleged minimum contacts with the State. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted); *see also Walden*, 571 U.S. at 284 ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 86 (2d Cir. 2018) (noting that "bare allegation[s]" are insufficient to allow a court to impute a defendant's agent's forum-related contacts to the defendant for the purposes of personal jurisdiction). And, although not necessary to the disposition of this appeal, as noted by Sandals in its uncontested affidavits, Sandals is not directly responsible for the marketing and advertising of its resorts and nor does it participate in the decision-making process regarding marketing, promotion, or advertising. *See* Appellee's Br. at 18. Likewise, Sandals does not market itself directly to Connecticut citizens, travel agents, or media, and does not solicit or transact business with Connecticut residents. *See id.* Accordingly, the District Court correctly dismissed Herlihy's claims for its lack of personal jurisdiction over Sandals.

## II. Jurisdictional Discovery

We review a District Court's denial of jurisdictional discovery for abuse of discretion. *See Haber v. United States,* 823 F.3d 746, 754 (2d Cir. 2016). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

A district court may deny jurisdictional discovery where a plaintiff fails to establish a prima facie case for jurisdiction. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007). Here,

3

Sandals' affidavits, submitted in support of its motion to dismiss, were sufficient for the District Court to determine that jurisdictional discovery was unwarranted, particularly in light of the "wide latitude" afforded to a district court regarding the scope of discovery. *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009) (internal quotation marks omitted); *see also Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("An appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant; such a refusal is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction."). In particular, the Declaration of Jeremy Jones contains numerous unrebutted factual assertions relevant for the purposes of determining personal jurisdiction that serve as an ample basis for concluding that jurisdictional discovery was unnecessary in this case. *See* App'x 173-180. We therefore reject Herlihy's argument that the District Court abused its discretion in denying his request for forum-related discovery of Sandals or its agents.

## CONCLUSION

We have reviewed all of the arguments raised by Herlihy on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 20, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4