18-3031-cv
*Continental Casualty Co. v. Parnoff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
                      DENNY CHIN,
                      JOSEPH F. BIANCO,
                            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CONTINENTAL CASUALTY COMPANY,

> *Plaintiff-Counter-Defendant-*
> *Appellee*,

v.

18-3031

LAURENCE V. PARNOFF, SR.,

> *Defendant-Counter-Claimant-*
> *Appellant*,

LAURENCE V. PARNOFF, P.C.,

> *Defendant-Counter-Claimant*,

DARCY YUILLE,

> *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE**:**

RICHARD A. SIMPSON (Emily S. Hart,
*on the brief*), Wiley Rein LLP,
Washington, D.C.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT**:**

LAURENCE V. PARNOFF, Sr., *pro se*,
Bridgeport, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-counter-claimant-appellant Laurence V. Parnoff, Sr., appeals from a judgment entered in the district court on September 14, 2018, in favor of plaintiff-counter-defendant-appellee Continental Casualty Company ("Continental"). In a ruling entered September 12, 2018, the district court granted Continental's motion for judgment on the pleadings as to both Continental's declaratory judgment claim and Parnoff's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing. The district court held that Continental was not obligated to defend or indemnify Parnoff, an attorney, with respect to a 2013 state lawsuit commenced by his former client, Darcy Yuille, which resulted in a jury awarding Yuille damages against Parnoff of $1,480,336, for conversion, civil theft, and prejudgment interest (the "*Yuille*

2

action").   The district court concluded that the damages awarded in the *Yuille* action were not covered by the professional liability insurance policy (the "Policy") that Continental had issued to Parnoff's law firm.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's decision to grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).   *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).   All factual allegations in the complaint are accepted as true and the allegations are construed in the light most favorable to the non-moving party. *Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018).   As in the Rule 12(b)(6) context, documents that are attached to the pleadings or incorporated by reference may be considered.   *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).   Here, the district court properly considered the Policy and exhibits relating to the *Yuille* action.

Under Connecticut law, which the parties agree applies in this case, the question of whether an insurer has a duty to defend its insured is "purely a question of law, which is to be determined by comparing the allegations of [the injured party's] complaint with the terms of the insurance policy."   *Cmty. Action for Greater Middlesex Cty., Inc. v. Am. Alliance Ins. Co.*, 254 Conn. 387, 395 (2000).   "Because the duty to defend

3

is significantly broader than the duty to indemnify, 'where there is no duty to defend, there is no duty to indemnify.'" *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 688 (2004) (quoting *QSP, Inc. v. Aetna Cas. & Surety Co.*, 256 Conn. 343, 382 (2001)).

Insurance policies are interpreted according to general contract law principles. *Lexington Ins. Co. v. Lexington Healthcare Grp., Inc.*, 311 Conn. 29, 37 (2014). The court must give effect to a policy's terms that are clear and unambiguous, but courts will construe ambiguous policy terms in favor of the insured. *Id.* at 37-38. Courts, however, "will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity," and any ambiguity must derive from the language in the contract rather than "one party's subjective perception of the terms." *Id.* at 38 (quoting *Johnson v. Conn. Ins. Guar. Ass'n*, 302 Conn. 639, 643 (2011)).

In this case, the Policy provides that Continental will pay "all sums . . . that the <u>Insured</u> shall become legally obligated to pay as <u>damages</u> and <u>claim expenses</u> because of a claim . . . by reason of an act or omission in the performance of <u>legal services</u> by the <u>Insured</u>." App'x at 41 (emphasis in original). As the district court reasoned, this text provides that to trigger Continental's duty to defend or indemnify Parnoff, a lawsuit must arise from acts or omissions that he committed in the course of providing legal services. Additionally, a separate provision of the Policy excludes several specific

4

categories of damages.   The Policy provides that "[d]amages do not include": (1) "legal fees, costs and expenses paid or incurred or charged by any Insured, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;" (2) "punitive or exemplary amounts;" or (3) "the multiplied portion of multiplied awards."   App'x at 45 (emphasis omitted).

The district court correctly concluded that the *Yuille* action was not covered by the Policy because the relief that Yuille sought did not fall within the covered damages and, moreover, fell within an exclusion.   Yuille's 2013 lawsuit sought to recover disputed legal fees that Parnoff had transferred from an escrow account to a personal account in his and his wife's names while the dispute over the legal fees was on appeal in state court.   Yuille was not seeking damages caused by "an act or omission in [Parnoff's] performance of legal services," App'x at 41, but the recovery of monies (through the remedies of disgorgement and constructive trust) that she claimed Parnoff had converted.   Moreover, she was seeking to recover legal fees charged by Parnoff, which fell within the exclusion for legal fees charged by the insured.   Yuille's requests for costs and interest were contingent on her recovery of the disputed fee amount and were thus excluded as "injuries that are a consequence of" Parnoff's legal fees.   App'x at

5

45. The treble damages that Yuille sought for her civil theft claim were also excluded from coverage by the Policy's "multiplied portion of multiplied awards" provision. *Id.* And her request for punitive damages was expressly excluded by the Policy's exception for "punitive or exemplary amounts." App'x at 45. As it was plain from the face of Yuille's complaint and the clear terms of the Policy that Parnoff was not covered for the *Yuille* action, the district court did not err in granting judgment on the pleadings to Continental.

\*     \*     \*

We have considered all of Parnoff's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court