19-3378-cv
*De La Fuente v. Sherry Netherland, Inc., et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT:   DENNY CHIN,
                      MICHAEL H. PARK,
                               *Circuit Judges*,
                      KIYO A. MATSUMOTO,
                               *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROQUE DE LA FUENTE,

                      *Plaintiff-Appellant*,

           -v-                                                    19-3378-cv

THE SHERRY NETHERLAND, INC., MARY
MCINNIS BOIES, WENDY CARDUNER, MAJORIE
FISHER FURMAN, EDWARD L. GARDNER,
ARNOLD S. GUMOWITZ, MICHAEL J. HORVITZ,

---

[*]      Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

IRA A. LIPMAN, FREDERIC SEEGAL, HOWARD
LORBER,

Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      FREDERICK CAINS, New York, New York.

FOR DEFENDANTS-APPELLEES:      PETER T. SHAPIRO, Lewis Brisbois Bisgaard
                                & Smith LLP, New York, New York.

      Appeal from the United States District Court for the Southern District of

New York (Engelmayer, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

      Plaintiff-appellant Roque De La Fuente appeals the district court's

judgment entered July 31, 2019, dismissing his housing discrimination and public

accommodation claims against defendants-appellees The Sherry Netherland, Inc. (the

"Sherry"), and board members Mary McInnis Boies, Wendy Carduner, Majorie Fisher

Furman, Edward L. Gardner, Arnold S. Gumowitz, Michael J. Horvitz, Ira A. Lipman,

Frederic Seegal, and Howard Lorber (collectively, "defendants").[1] Defendants denied

De La Fuente's application to purchase a cooperative apartment in the building owned

by the Sherry. Alleging that defendants did so because he is Mexican-American, De La

---

**      The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

[1]      Charlie Rose was a defendant below, but he is not a party to this appeal.

2

Fuente brought claims under, *inter alia*, the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1982; New York Executive Law § 296(5)(a)(2); New York City Administrative Code (the "NYCHRL") § 8-107(5); and New York Civil Rights Law § 19-a.

By opinion and order entered July 30, 2019, the district court granted defendants' motion for summary judgment dismissing De La Fuente's second amended complaint.[2] By opinion and order entered September 16, 2019, the district court denied De La Fuente's motion for reconsideration. Previously, by opinion and order entered March 27, 2018, the district court granted in part and denied in part defendants' motion to dismiss. *See De La Fuente v. Sherry Netherland, Inc.*, No. 17-CV-4759, 2018 WL 1597649, at *9 (S.D.N.Y. Mar. 27, 2018). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

1.      *Motion for Summary Judgment*

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2]      The district court also granted in part defendants' motion to strike De La Fuente's factual submissions in opposition to the motion. On appeal, De La Fuente has not challenged this ruling.

3

matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We have reviewed the record and relevant case law, and substantially for the reasons set forth by the district court in its July 30, 2019 and September 16, 2019 opinions, we conclude that the district court correctly granted defendants' motion for summary judgment.

First, as the district court found, defendants proffered legitimate, nondiscriminatory reasons for denying De La Fuente's housing application -- undisputed evidence existed that he was overly litigious and dishonest. De La Fuente does not, and cannot, dispute that at least one federal court has characterized him as "show[ing] personal dishonesty" and acting "untruthfully," *de la Fuente v. FDIC*, 332 F.3d 1208, 1223 (9th Cir. 2003), or that he has a lengthy litigation history. Rather, he argues that defendants did not learn of these facts until after they denied his application to purchase a unit in the Sherry. But this argument is based on speculative, unsupported, and conclusory assertions and thus is "insufficient to create a genuine factual dispute." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 319 (2d Cir. 2008); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (non-movant cannot defeat summary judgment by relying "on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible"). And to the extent that De La Fuente's argument is based on an affirmative defense in defendant's answer, De La

4

Fuente did not raise this issue below, and thus it is waived. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

Second, the district court properly found that De La Fuente failed to come forward with evidence demonstrating that the legitimate reasons proffered by defendants were pretext for discrimination. De La Fuente argues that he has established pretext because non-defendant and non-board member Michael Ullman stated that "the Sherry does not want '*your kind*.'" Plaintiff's Br. at 29. But even assuming the statement was made, this statement alone is insufficient to defeat summary judgment for substantially the reasons set forth by the district court -- that is, Ullman was not a member of the Sherry's board of directors, the body that made the decision to reject De La Fuente's application, and did not have a basis to know the thought processes of the board members, and a reasonable jury could only conclude, in light of its context and content, that the statement could not reasonably be interpreted to bespeak anti-Mexican bias. *See Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (instructing district courts to consider, when deciding whether a remark is probative, who made the remark, when it was made in relation to the adverse action, the content of the remark, and the context in which it was made).

Third, De La Fuente argues that the district court erred in evaluating his federal-, state-, and city-law claims together. That may be true as to De La Fuente's city claims, *see Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009), but we see

5

no basis for vacating the grant of summary judgment as to his city claims here, *see*

*Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2d Cir. 2018) ("We may affirm the

decision of the District Court for any reason supported by the record.").[3]

De La Fuente based his NYCHRL claim on two factual assertions:  that

(1) no white applicant was rejected while Horvitz was president of the Sherry's board of

directors and (2) "all white Caucasians were evaluated solely upon their application and

were not subject to investigatory litigation reports."  Plaintiff's Br. at 30.  Although the

first assertion is true, De La Fuente's presentment of it is misleading.  No applicant of

*any race* was rejected during Horvitz's time as board president.  Nothing about this fact

suggests that the board's denial of De La Fuente's application was motivated even in

part by racial animus.  And De La Fuente's second assertion is not supported by the

portion of the record he cites.  In fact, he cites a page of Horvitz's deposition transcript

in which Horvitz stated that it is customary to do an internet search of every applicant.

Further, De La Fuente has offered no evidence to suggest that the litigation report was

requested because he was Mexican-American, and accordingly, his NYCHRL claim was

properly dismissed.  *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102,

110 (2d Cir. 2013) (holding that to succeed on an NYCHRL claim, a plaintiff must

---

[3]     The district court properly considered De La Fuente's federal and state law claims together.  *See Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 153 (2d Cir. 2014).

establish that he "has been treated less well at least in part" because of his membership in a protected class).

**2.** *Motion to Dismiss*

Finally, De La Fuente argues that the district court erred in dismissing his discriminatory impact and public accommodation claims in its earlier March 27, 2018 opinion granting in part and denying in part defendants' motion to dismiss. *See De La Fuente*, 2018 WL 1597649, at *7-8. We are not persuaded. The district court properly concluded that, even assuming De La Fuente alleged that the defendants' facially neutral "broker-screening process" had a discriminatory impact, De La Fuente alleged that he was not subject to that screening process and thus could not bring such a claim. *Id.* at *7. As for the public accommodation claim, De La Fuente's argument on appeal that the presence of a sales office turns the Sherry into a public accommodation is waived because it was not raised below and is, in any event, unpersuasive because De La Fuente purchased the apartment through a bankruptcy proceeding, not the sales office that he alleges was the public accommodation to which he was denied access.[4]

\* \* \*

---

[4] De La Fuente also moves for sanctions due to defendants' filing of an unredacted document that contained sensitive information. De La Fuente requests (1) that defendants rewrite their brief and eliminate all citations to the unredacted document and (2) an extension to submit his reply brief. We have already deemed that the latter request is moot because De La Fuente filed his reply. We now hold that the first request is also moot, as there is nothing in defendants' brief that should have been redacted but was not, and the improper filing was timely corrected.

We have considered De La Fuente's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  We also **DENY** De La Fuente's motion for sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk